IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JANICE SUGGS; CHRIS AVERETTE;                          PLAINTIFFS
JOSHUA BURRUS; TRACI CALBERT;
KENNETH CHAMPION; NICHOLAS CORNWELL;
JACOBY CURRY; ALAN HODGE; PHILIP HULETT;
NATHANIEL JACKSON; TYRONE JOHNSON;
ADRIEL JOHNSON; MICHAEL JOHNSON;
JAMES JONES; JASON LOFTIS; DARYL OWENS;
BRENDA PAGE-DOVER; JAMIL PRIDE;
DONALD RELIFORD; DARWIN ROBERSON;
DEANGELO SMITH; TONY SMITH; JERRYL TODD;
JOSEPH WALKER; RYAN WERTZ; SHERYL WHITE;
CALVIN WILLIAMS; BART WISHOUN;
and SHAUN YOUNGER

V.                      CASE NO. 5:17-CV-5100

EXPRESS COURIER INTERNATIONAL, INC.
and EMP LSO HOLDING CORPORATION                 DEFENDANTS

## OPINION AND ORDER

Now pending before the Court is Defendants' Motion for Partial Dismissal of Plaintiffs' FLSA Collective Action (Doc. 7), to which Plaintiffs filed a Response (Doc. 10), and Defendants filed a Reply (Doc. 12). On June 9, 2017, this case was consolidated with *Harris et al. v. Express Courier International, Inc.*, Case No. 5:16-CV-05033 ("the *Harris* case"), which is also pending before the undersigned. *See* Doc. 119, Case No. 5:16-CV-05033. The instant case involves claims that are materially the same as those made by the plaintiffs in the *Harris* case. Both the Plaintiffs here and the plaintiffs in the *Harris* case are current and former couriers working for Defendants Express Courier International Inc. and EMP LSO Holding Corporation (collectively, "LSO"). In both cases, the plaintiffs have asserted individual and collective action claims against LSO for failure

to pay appropriate minimum wages and overtime compensation, pursuant to the Fair Labor Standards Act.

The Court held a status hearing in the instant case on June 20, 2017, and at that time, counsel for the parties agreed that proceedings in the case should be stayed pending the Court's decision in *Harris* regarding whether or not to decertify the collective action. Since the collective action allegations in *Harris* were identical to those asserted here, it made sense to rule first on the decertification issue in *Harris*—since that issue had been fully briefed as of the date of the hearing—and then apply the Court's ruling on decertification to the collective action claim in the case at bar.

On November 21, 2017, the Court issued a Memorandum Opinion and Order in *Harris*, decertifying the collective action and denying the plaintiffs' motion to certify a class action under Federal Rule of Civil Procedure 23. *See* Doc. 130, Case No. 5:16-CV-05033. For the reasons set forth in that Memorandum Opinion and Order, the Court now finds that the collective action claim in the instant Complaint (labeled "Second Cause of Action," Doc. 1, pp. 12-13) should be dismissed with prejudice, and the case permitted to proceed only on the individual claims of the Plaintiffs.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Partial Dismissal of Plaintiffs' FLSA Collective Action (Doc. 7) is **GRANTED**, and the collective action claim is **DISMISSED WITH PREJUDICE** for the reasons articulated in the Court's Memorandum Opinion and Order, Doc. 130, in Case No. 5:16-CV-05033.

**IT IS FURTHER ORDERED** that the case will proceed on Plaintiffs' individual claims. The parties are instructed to advise the Court, and provide briefing, if necessary,

as to whether the Western District of Arkansas remains the appropriate venue to try all of these individual claims.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel is **DIRECTED** to provide a copy of this Order; the Court's Memorandum Opinion and Order, Doc. 130, in Case No. 5:16-CV-05033; and an instructional letter to all those who submitted consent-to-join-collective-action forms in the instant case, to the extent counsel has not already done so. The instructional letter should explain to these individuals the legal options available to them now that the collective action claim has been dismissed. All of these individuals' claims will be **TOLLED FOR A PERIOD OF 60 DAYS FROM TODAY'S DATE** in order to allow them to consider the Court's Orders and, if desired, file their individual claims in the appropriate court or courts.

**IT IS FURTHER ORDERED** that the Clerk of Court file a copy of this Order in both the instant case and in Case No. 5:16-CV-05033. The Clerk of Court and parties are further directed that Case No. 5:16-CV-05033 is the lead case in this consolidated matter, and, therefore, all filings concerning either case will be made in Case No. 5:16-CV-05033.

**IT IS FURTHER ORDERED** that a consolidated case management order will issue in the near future, setting a trial date and other important deadlines.

**IT IS SO ORDERED** on this 4th day of December, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE